NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEONARD O. WILLIAMS,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2012-3051

---

Petition for review of the Merit Systems Protection Board in DC0831110366-I-1.

---

Decided: July 16, 2012

---

LEONARD O. WILLIAMS, of Richmond, Virginia, pro se.

ANUJ VOHRA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KENNETH A. DINTZER, Assistant Director.

---

Before BRYSON, PROST, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

## DECISION

Leonard Williams appeals from a decision of the Merit Systems Protection Board upholding a decision by the Office of Personnel Management ("OPM") that he was ineligible for a deferred retirement annuity under the Civil Service Retirement System ("CSRS"). We affirm.

## BACKGROUND

Mr. Williams worked as a machine tool operator at the Army's Rock Island Arsenal from October 20, 1980, through April 16, 1982. In 2010, Mr. Williams filed with OPM a form entitled, "Application for Deferred Retirement," in which he requested a deferred retirement annuity. In the section of the form labeled "Type of application," Mr. Williams checked "Retirement" and then wrote beside that notation, "Disability." OPM determined that Mr. Williams was not eligible to receive annuity benefits because he had less than the five years of civilian service required by law. OPM did not address the handwritten notation reading "Disability."

Mr. Williams appealed OPM's decision to the Board. The administrative judge who was assigned to the case affirmed OPM's denial of a deferred retirement annuity. The administrative judge based his opinion primarily on Mr. Williams's failure to meet the five-year service requirement; he also noted, however, that Mr. Williams's handwritten notation of "Disability" was insufficient to convert "his deferred annuity application to a disability retirement annuity application." Mr. Williams petitioned for review by the full Board, which denied the petition.

DISCUSSION

Under 5 U.S.C. § 8333(a), an employee in the CSRS must complete at least five years of civilian service before he is eligible for a CSRS retirement annuity. *See also id.* §§ 8337(a), 8338(a) (reiterating the five-year service requirement). There is no dispute that Mr. Williams was employed as a federal civil servant for less than five years. The records of his service indicate that he worked for the Department of the Army for less than 18 months before he was removed.[1] Having fallen short of the length-of-service requirement set forth in sections 8333(a), 8337(a), and 8338(a), Mr. Williams is not entitled to a retirement annuity.

Mr. Williams argues that even if he did not meet the five-year requirement he is entitled to disability retirement because he was injured on the job. The administrative judge found that Mr. Williams applied for a "Deferred Annuity" and that, to receive a disability retirement annuity, he would have had to file a different form, one that specifically requested a disability retirement annuity. That ruling is consistent with 5 C.F.R. § 844.201(a)(3), the OPM regulation that requires an application for disability retirement to be filed on the form prescribed by OPM.

Even if Mr. Williams had filed the correct form, however, he would not be entitled to disability benefits because he does not meet the requirements for a disability

---

[1] As the Board noted, even if we were to calculate Mr. Williams's time of service based on the earlier date on which he asserts that he began working at the Army's Rock Island Arsenal, he still would have failed to complete five years of civilian service.

retirement annuity. To be entitled to disability retirement under CSRS, an applicant must have at least five years of creditable federal civilian service. 5 U.S.C § 8337(a); *see id.* § 8333(a). As the Board found, Mr. Williams's 18 months of creditable civilian service falls short of the five-year requirement. Furthermore, an applicant for a CSRS disability retirement annuity is required to file a request for disability retirement either before his separation from federal service or within one year of his separation date. *Id.* § 8337(b). Mr. Williams filed his request 28 years after his separation, long after the filing deadline had passed. Consequently, the Board properly affirmed OPM's denial of Mr. Williams's application for a retirement annuity.

No costs.

**AFFIRMED**